UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GILBERTO DOMINGUEZ,

                   Plaintiff,

      - against -

THE CITY OF NEW YORK, JAMES LUNDY,
and "JOHN DOE", Individually and in Their
Official Capacities,

                   Defendants
-----------------------------------------------------------------x

13CV6219(RMB)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

      Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Gilberto Dominguez by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

      2. Plaintiff Gilberto Dominguez is a citizen of the United States who was lawfully present in front of 30 W. 190th Street, in the Borough of the Bronx, City and State of New York, on August 12, 2012, when New York City police officer James Lundy and another New York City police officer stopped the plaintiff, subjected the plaintiff to a pat down search, searched the plaintiff's pocket, handcuffed the plaintiff, arrested him on a false criminal charge of Criminal Possession of a Controlled Substance in the 7th Degree, transported the plaintiff to the 52nd Precinct, where he was subjected to a strip search and imprisoned until he was transported to Bronx Central Booking, where he continued to be imprisoned until he was arraigned on a false criminal charge and released on his own recognizance. On November 29, 2012, the charge against plaintiff Gilberto Dominguez

was dismissed on motion of the District Attorney. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant James Lundy can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Gilberto Dominguez is a Hispanic citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant James Lundy is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant James Lundy was acting within the scope of his employment by defendant The City of New York.

10. Defendant "John Doe" is a natural persons who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein defendant "John Doe" was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

12. On December 6, 2012, and within ninety days of the accrual of the cause of action for malicious prosecution, plaintiff Gilberto Dominguez served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

13. Plaintiff Gilberto Dominguez' motion to extend his time to file a Notice of Claim as to his causes of action for false imprisonment, assault and battery and deprivation of his state Constitutional and statutory rights, and to deem his Notice of Claim served on December 6, 2012 to have been time served *nunc pro tunc,* was granted by an Order of New York State Supreme Court Justice Larry S. Schachner dated January 10, 2013.

14. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16. On August 12, 2012, at approximately 1:00 a.m., plaintiff Gilberto Dominguez was lawfully present in front of the building at 30 W. 190th Street, in the Borough of the Bronx, City and State of New York.

17. At the above time and place, plaintiff Gilberto Dominguez was lawfully in possession of a prescription medication which belonged to Elaine Medina, which the plaintiff was in the process of bringing to Ms. Medina at her mother's apartment at 30 W. 190th Street.

18. At the above time and place, plaintiff Gilberto Dominguez was dressed only in a tank top and a pair of shorts.

19. On August 12, 2012, at approximately 1:00 a.m., in front of the building at 30 W. 190th Street, in the Borough of the Bronx, City and State of New York, defendants James Lundy and "John Doe" stopped plaintiff Gilberto Dominguez and directed him to place his hands against their police car.

20. At the above time and place, one of the individual defendants conducted a pat down search of the plaintiff, despite the fact that there were no bulges in the plaintiff's clothing suggestive of a possible weapon.

21. One of the individual defendants then placed his hand in plaintiff Gilberto Dominguez' pocket and retrieved the bottle of prescription medication.

22. Defendants James Lundy and "John Doe" refused the plaintiff's request that they speak to Elaine Medina to verify that the plaintiff had been bringing her the prescription medication.

23. Defendants James Lundy and "John Doe" thereupon arrested plaintiff Gilberto Dominguez on a charge of Criminal Possession of a Controlled Substance in the Seventh Degree.

24. The defendants did not have a warrant or other legal process directing or authorizing the search, seizure, arrest, detention, or imprisonment of plaintiff Gilberto Dominguez.

25. One of the individual defendants handcuffed plaintiff Gilberto Dominguez.

26. The defendants transported plaintiff Gilberto Dominguez to the 52nd Precinct, where the plaintiff was imprisoned.

27. At the 52nd Precinct, one of the individual defendants conducted plaintiff Gilberto Dominguez to a bathroom, told the plaintiff to pull down his pants and undershorts, and directed him to hold his genitals and to cough in the presence of approximately six police officers.

28. Shortly after the arrival of defendants James Lundy and "John Doe" and plaintiff Gilberto Dominguez at the 52nd Precinct, Elaine Medina appeared at the precinct and informed defendant James Lundy and/or defendant "John Doe" that plaintiff Gilberto Dominguez had been retrieving her prescription medication from her car for her because she had recently undergone surgery to her foot.

29. Upon learning from Elaine Medina that the plaintiff had been bringing her prescription medication to her because of her recent surgery, any basis for probable cause that the defendants may have had for an arrest no longer existed.

30. The defendants subsequently caused plaintiff Gilberto Dominguez to be transported to Bronx Central Booking, where he continued to be imprisoned until his arraignment.

31. On information and belief, on August 12, 2012, defendant James Lundy falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that

plaintiff Gilberto Dominguez had been illegally in possession of prescription medication issued to Elaine Medina.

32. On information and belief, defendant James Lundy failed to inform the Assistant District Attorney that Elaine Medina had informed defendant Lundy that plaintiff Gilberto Dominguez had been retrieving the medication from her vehicle for her.

33. On August 12, 2012, James Lundy instituted a criminal proceeding against plaintiff Gilberto Dominguez in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crime of Criminal Possession of a Controlled Substance in the Seventh Degree.

34. On the night of August 12 - August 13, 2012, plaintiff Gilberto Dominguez was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released in his own recognizance.

35. On November 29, 2012, the criminal proceeding instituted by defendant James Lundy against plaintiff Gilberto Dominguez was dismissed on motion of the District Attorney.

## COUNT ONE
## UNREASONABLE SEARCH AND SEIZURE UNDER 42 U.S.C. §1983

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though the same were set forth fully herein.

37. Defendants James Lundy and "John Doe" lacked a reasonable suspicion that plaintiff Gilberto Dominguez had engaged in, was engaged in, or was about to engage in criminal activity.

38. Defendants James Lundy and "John Doe" lacked a reasonable belief that plaintiff Gilberto Dominguez had a weapon concealed on his person.

39. Defendants James Lundy and "John Doe" stopped and searched plaintiff Gilberto Dominguez on August 12, 2012 because of his race.

40. The stop and search of plaintiff Gilberto Dominguez by defendants James Lundy and "John Doe" on August 12, 2012, violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the Untied States.

41. Defendants James Lundy and "John Doe" were acting under color of state law when they stopped and searched plaintiff Gilberto Dominguez on August 12, 2012.

42. Defendants James Lundy and "John Doe" deprived plaintiff Gilberto Dominguez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by stopping and searching plaintiff Gilberto Dominguez.

## COUNT TWO
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44. The seizure, arrest, detention and imprisonment of plaintiff Gilberto Dominguez were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

45. The charge upon which defendants James Lundy and "John Doe" arrested plaintiff Gilberto Dominguez was false.

46. The charge was made by defendants James Lundy and "John Doe" against plaintiff Gilberto Dominguez with knowledge that it was false.

47. Plaintiff Gilberto Dominguez was aware of his seizure, arrest, detention and imprisonment by defendants James Lundy and "John Doe".

48. Plaintiff Gilberto Dominguez did not consent to his seizure, arrest, detention or imprisonment.

49. As a result of the foregoing, plaintiff Gilberto Dominguez was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

50. The seizure, arrest, detention and imprisonment of plaintiff Gilberto Dominguez deprived him of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

51. Defendants James Lundy and "John Doe" were acting under color of state law when they seized, arrested and imprisoned plaintiff Gilberto Dominguez.

52. Defendants James Lundy and "John Doe" deprived plaintiff Gilberto Dominguez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Gilberto Dominguez on a false criminal charge.

## COUNT THREE
## STRIP SEARCH UNDER 42 U.S.C. §1983

53. Plaintiffs incorporate by reference paragraphs 1 through 52 of this complaint as though the same were set forth fully herein.

54. Defendants James Lundy and "John Doe" lacked a factual basis to support a reasonable suspicion that plaintiff Gilberto Dominguez had evidence concealed on his body.

55. The strip search of plaintiff Gilberto Dominguez conducted at the 52nd Precinct deprived plaintiff Gilberto Dominguez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

56. Plaintiff Gilberto Dominguez suffered anxiety, embarrassment and humiliation as a result of the strip search conducted by the individual defendants.

57. Defendants James Lundy and "John Doe" were acting under color of state law when they subjected plaintiff Gilberto Dominguez to a strip search at the 52nd Precinct.

58. Defendants James Lundy and "John Doe" deprived plaintiff Gilberto Dominguez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Gilberto Dominguez to a strip search of at the 52nd Precinct.

## COUNT FOUR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

59. Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint as though the same were set forth fully herein.

60. The criminal charge brought by defendant James Lundy against plaintiff Gilberto Dominguez in Bronx Supreme Court, Criminal Division, was false.

61. The criminal proceeding instituted by defendant James Lundy against plaintiff Gilberto Dominguez in Bronx Supreme Court, Criminal Division, was instituted by defendant James Lundy with knowledge that the charge was false.

62. The criminal proceeding instituted by defendant James Lundy against plaintiff Gilberto Dominguez in Bronx Supreme Court, Criminal Division, was instituted without probable cause to believe that the plaintiff had committed the offense charged.

63. Defendant James Lundy was acting with malice when he instituted the criminal proceeding against plaintiff Gilberto Dominguez.

64. The criminal proceeding instituted by defendant James Lundy against plaintiff Gilberto Dominguez in Bronx Supreme Court, Criminal Division, was terminated in plaintiff Gilberto Dominguez' favor.

65. Defendant James Lundy was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Gilberto Dominguez had committed the crime of Criminal Possession of a Controlled Substance in the Seventh Degree.

66. Defendant James Lundy was acting under color of state law when he withheld from an Assistant District Attorney in the office of the Bronx County District Attorney information which exonerated plaintiff Gilberto Dominguez of the crime charged.

67. Defendant James Lundy was acting under color of state law when he instituted a criminal proceeding against plaintiff Gilberto Dominguez in Bronx Supreme Court, Criminal Division.

68. Defendant James Lundy deprived plaintiff Gilberto Dominguez of his right to be free on unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by prosecuting plaintiff Gilberto Dominguez on a false criminal charge.

69. As a result of the criminal proceeding instituted by defendant James Lundy, plaintiff Gilberto Dominguez was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charge.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

70. Plaintiff incorporates by reference paragraphs 1 through 69 of this Complaint as though the same were set forth fully herein.

71. The acts complained of were carried out by defendants James Lundy and "John Doe" in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by defendants James Lundy and "John Doe" in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

73. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and searching individuals, without a basis to believe they had engaged, were engaging or were about to engage in criminal activity, in violation of the Fourth Amendment of the Constitution of the United States.

74. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and searching black and Hispanic individuals on the basis of their race in violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

75. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York are demonstrated by the findings and holding in the decision of the Court dated August 12, 2013 in *Floyd v. The City of New York*, 08 Civ 1034, 2013 WL 4046209.

76. The adoption of a policy, practice and/or custom of stopping and searching individuals without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and to stop and search individuals on the basis of their race constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

77. The stop and search of plaintiff Gilberto Dominguez on August 12, 2012 resulted from adoption by defendant The City of New York of policies, practices and/or customs of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

78. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

79. Defendant The City of New York deprived plaintiff Gilberto Dominguez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States, and his right to equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of stopping and searching people without a basis to believe they had engaged, were engaging or were about to engage in criminal activity and of stopping and searching individuals on the basis of their race.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

80. Plaintiff incorporates by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. Defendant The City of New York has implemented, adopted, encouraged and/or sanctioned a policy, practice and/or custom of routinely performing strip searches of individuals arrested for minor offenses in the precinct of arrest in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

82. The strip search of plaintiff Gilberto Dominguez at the 52nd Precinct resulted from the policy, practice and/or custom of routinely performing strip searches of individuals arrested for minor offenses implemented, adopted, encouraged and/or sanctioned by defendant The City of New York.

83. Defendant The City of New York was acting under color of state law when it implemented, adopted, encouraged and/or sanctioned a policy, custom or practice for police officers to routinely perform strip searches of individuals arrested for minor offenses in the precinct of arrest.

84. Defendant The City of New York deprived plaintiff Gilberto Dominguez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by implementing, adopting, encouraging and/or sanctioning a policy, practice or custom of routinely performing strip searches of individuals arrested for minor offenses in the precinct of arrest.

## COUNT SEVEN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as though the same were set forth fully herein.

86. The acts complained of were carried out by defendants James Lundy and "John Doe" in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

87. The acts complained of were carried out by defendants James Lundy and "John Doe" in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

88. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping, seizing, searching and arresting persons on insufficient evidence in violation of the Fourth Amendment of the Constitution of the United States.

89. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and searches;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

90. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

91. The seizure, arrest, detention, imprisonment and prosecution of plaintiff Gilberto Dominguez resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests and searches.

92. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

93. Defendant The City of New York deprived plaintiff Gilberto Dominguez of his rights to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests and searches.

94. The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT EIGHT
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

95. Plaintiff incorporates by reference paragraphs 1 through 94 of this Complaint as though the same were set forth fully herein.

96. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants James Lundy and "John Doe" are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

97. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

98. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

99. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

100. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Gilberto Dominguez would be violated.

101. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard

for the civil rights of individuals, and more particularly, the civil rights of plaintiff Gilberto Dominguez.

102. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

103. Defendant The City of New York deprived plaintiff Gilberto Dominguez of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the seizure, arrest, imprisonment and prosecution of plaintiff Gilberto Dominguez.

## COUNT NINE
## COMMON LAW ASSAULT AND BATTERY

104. Plaintiff incorporates by reference paragraphs 1 through 103 of this Complaint as though the same were set forth fully herein.

105. Defendants James Lundy, "John Doe" and the City of New York committed an assault and battery on the person of plaintiff Gilberto Dominguez in the course of seizing and searching the plaintiff.

106. As a result of the foregoing, plaintiff Gilberto Dominguez experienced physical discomfort, physical and emotional distress, hardship and anxiety.

## COUNT TEN
## COMMON LAW ASSAULT AND BATTERY

107. Plaintiff incorporates by reference paragraphs 1 through 106 of this Complaint as though the same were set forth fully herein.

108. Defendants James Lundy, "John Doe" and the City of New York committed an assault and battery on the person of plaintiff Gilberto Dominguez in the course of seizing and handcuffing the plaintiff.

109. As a result of the foregoing, plaintiff Gilberto Dominguez experienced physical discomfort, physical and emotional distress, hardship and anxiety.

## COUNT ELEVEN
## COMMON LAW FALSE IMPRISONMENT

110. Plaintiff incorporates by reference paragraphs 1 through 109 of this Complaint as though the same were set forth fully herein.

111. Defendants James Lundy, "John Doe" and The City of New York falsely imprisoned plaintiff Gilberto Dominguez by seizing, arresting and imprisoning him on a false criminal charge.

112. As a result of the foregoing, plaintiff Gilberto Dominguez was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

## COUNT TEN
## STRIP SEARCH UNDER NEW YORK STATE CONSTITUTION AND STATUTES

113. Plaintiff incorporates by reference paragraphs 1 through 112 of this Complaint as though the same were set forth fully herein.

114. Defendants James Lundy and "John Doe" lacked a factual basis supporting a reasonable suspicion that plaintiff Gilberto Dominguez was concealing evidence underneath his

clothing.

115. Plaintiff Gilberto Dominguez suffered anxiety, embarrassment and humiliation as a result of the strip search conducted by the defendants.

116. Defendants James Lundy, "John Doe" and The City of New York deprived plaintiff Gilberto Dominguez of his right to be secure in his person against unreasonable searches and seizures guaranteed by Article I, Section 12 of the Constitution of the State of New York and Section 8 of the Civil Rights Law of the State of New York by subjecting the plaintiff to a strip search.

## COUNT THIRTEEN
## COMMON LAW MALICIOUS PROSECUTION

117. Plaintiff incorporates by reference paragraphs 1 through 116 of this Complaint as though the same were set forth fully herein.

118. The institution of a criminal proceeding against plaintiff Gilberto Dominguez based on false criminal charges by defendants James Lundy and The City of New York constituted malicious prosecution.

119. As a result of the criminal proceeding instituted by defendants James Lundy and The City of New York, plaintiff Gilberto Dominguez was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charge.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorney's fees and costs, including the fees and costs

of experts, incurred in prosecuting this action; and

    D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       September 4, 2013

EUGENE M. BELLIN

*Eugene M. Bell*

Eugene M. Bellin (EB-0722)
Attorney for Plaintiffs
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100